# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-41096
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2018

Lyle W. Cayce
Clerk

GREGORY CARL MORSE, Also Known as Gregory C. Morse,

Plaintiff−Appellant,

versus

DITECH FINANCIAL, L.L.C.; DITECH FINANCIAL, L.L.C., NA,

Defendants−Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GREGORY C. MORSE,

Plaintiff−Appellant,

versus

DITECH FINANCIAL, L.L.C.

Defendant−Appellee.

————————

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:16-CV-279
No. 4:16-CV-346

————————

No. 17-41096

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Gregory Morse moves to proceed *in forma pauperis* ("IFP") in this appeal of the dismissal of his complaint against Codilis & Stawiarski, P.C., and the summary judgment in favor of Ditech Financial, L.L.C.  Morse's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992).

Morse does not challenge the dismissal of the claims against Codilis & Stawiarski.  Because Morse does not adequately brief the dismissal of those claims, they are abandoned, and he does not show any error or nonfrivolous issue with regard to them.  *See Brinkmann v. Dallas Cty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Regarding the claims against Ditech, Morse challenges the district court's determination that many of them were barred by res judicata.  In addition to deciding that several claims were barred by res judicata, the district court also determined that the claims should be dismissed on alternative grounds.  Specifically, the court determined that Morse's claims under the Real Estate Settlement Procedures Act and the Texas Deceptive Trade Practices Consumer Protection Act should be dismissed because they were barred by limitations.  His claims of fraud failed as a matter of law because a loan transaction cannot serve as the basis for a statutory fraud claim in Texas and because Morse did not show that Ditech acted with knowledge concerning fraud.  His claim for quiet title failed because he presented no support for the strength of his own title.  The court found that Morse failed to establish a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41096

violation of the Texas Business and Commerce Code because the relationship between Morse and Ditech existed through a loan agreement rather than a contract for the sale of land.  Further, Morse failed to establish a Racketeer Influenced and Corrupt Organizations Act claim because he did not allege or show the existence of an enterprise as defined by the relevant statutes.

Morse presents no meaningful argument challenging the district court's alternative grounds for dismissal of these claims.  Because Morse does not adequately brief the dismissal of these claims on any grounds other than res judicata, they are abandoned, and Morse does not show any error or nonfrivolous issue with regard to them.  *See Brinkmann*, 813 F.2d at 748.

In his brief, Morse again contends that the contract is void and unenforceable because it was not supported by consideration.  He also reasserts claims that the foreclosure was wrongful.  His points are conclusory and offer no meaningful argument to rebut the district court's determination that these claims failed as a matter of law.

Finally, Morse avers that the district court erred in denying his discovery motions.  A decision whether to delay summary judgment for further discovery is reviewed for abuse of discretion.  *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).  The district court found that, even with broad construction, Morse did not specify "how the requested discovery is relevant or refutes Ditech's summary judgment evidence."  Morse offers no meaningful argument to show that the decision was an abuse of discretion.  *See Raby*, 600 F.3d at 561.

Morse has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion for leave to appeal IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.